**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

```
THOMAS SCOTT CROSSLAND,            )
                                   )
               Plaintiff,          )
                                   )
vs.                                )   CIV-04-399-S
                                   )
MUSKOGEE CITY/COUNTY DETENTION     )
FACILITY SHERIFF JOHN/JANE DOE,    )
AND CONTRACT NURSE, JOHN/JANE      )
DOE,                               )
                                   )
               Defendants.         )
```

### ORDER

Before the court for its consideration is the Special Appearance of Defendant Muskogee City/County Detention Facility, Motion to Dismiss and Response to Plaintiff's Petition for Default Judgment, Special Appearance of Defendant Contract Nurse John/Jane Doe, Motion to Dismiss and Response to Plaintiff's Petition for Default Judgment, and Special Appearance of Defendant Sheriff John/Jane Doe, Motion to Dismiss and Response to Plaintiff's Petition for Default Judgment.

Plaintiff apparently was an inmate in the custody and control of the Muskogee County jail. He brings this 42 U.S.C. Sec. 1983 action alleging he was denied adequate medical care and as a result he was injured. In his amended complaint, filed September 17, 2004, plaintiff alleges that on or about November 5, 1998, while he was housed in the Muskogee County detention facility defendants "failed to make available to inmates a level of medical care which is reasonably designed to meet the routine needs and care at Muskogee Detention Facility for emergency health care for insulin dependent diabetes." He argues that as a result of this lack of

1

medical care he suffered a serious eye injury. In his amended complaint, plaintiff alleges a cause of action for a violation of the substantive due process clause to the Fifth Amendment of the United States Constitution. Plaintiff also alleges a violation of 19 O.S.A. § 513, 19 O.S.A. § 547 (A), 57 O.S.A. § 47, 57 O.S.A. § 52 and 57 O.S.A. § 54.

Defendants have filed these motions to dismiss alleging that all of the allegations contained within plaintiff's amended complaint are time-barred. They allege the constitutional violation of which plaintiff complains occurred in November of 1998 and he did not bring this lawsuit until 2004. They argue the two year statute of limitations bars this action. Plaintiff responds by arguing the statute of limitations does not begin to run until he discovered his injury. He argues that he did not discover his injury from the alleged deficient medical treatment until 2004. Thus, he claims his lawsuit is timely.

In a civil rights action brought under 42 U.S.C. § 1983, the court applies the applicable state statute of limitations. <u>Abbitt v. Franklin</u>, 731 F.2d 661, 663 (10th Cir.1984). In this case, Oklahoma's two-year statute of limitations applies. <u>Price v. Philpot</u>, 420 F.3d 1158, 1162 (10th Cir. 2005). When a claim accrues, and thus when the limitations period begins to run, is a question of federal law. <u>Smith v. City of Enid</u>, 149 F.3d 1151, 1154 (10th Cir.1998) "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." <u>Baker v. Bd. of Regents</u>, 991 F.2d 628, 632 (10th Cir.1993). Indeed, "it is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue." <u>Id</u>. and <u>Price</u> at 1162. Since the injury in a § 1983 case is the violation of a constitutional right, see <u>Garcia v. Wilson</u>,

2

731 F.2d 640, 650 (10th Cir.1984), aff'd, 471 U.S. 261 (1985), such claims accrue "when the plaintiff knows or should know that his or her constitutional rights have been violated." Lawshe v. Simpson, 16 F.3d 1475, 1478 (7th Cir.1994). This requires the court "to identify the constitutional violation and locate it in time." Id.

In the case at bar, it appears undisputed the constitutional deprivation of which plaintiff complains and which is the basis of his lawsuit was the denial of medical care in November 1998. Even though plaintiff may not have been aware of the ultimate injury until 2004, he was aware his constitutional rights had been violated in November of 1998. Thus, the court finds the plaintiff's civil rights cause of action began to accrue when he was allegedly deprived of proper medical treatment in November 1998. The applicable statute of limitations is two years. Thus, for plaintiff's lawsuit to be timely, it needed to by filed by November of 2000. Plaintiff brought this lawsuit in 2004. Plaintiff failed to bring his lawsuit within the proper time frame. Accordingly, plaintiff's lawsuit is barred by the applicable statute of limitations.

The Special Appearance of Defendant Muskogee City/County Detention Facility, Motion to Dismiss and Response to Plaintiff's Petition for Default Judgment, Special Appearance of Defendant Contract Nurse John/Jane Doe, Motion to Dismiss and Response to Plaintiff's Petition for Default Judgment, and Special Appearance of Defendant Sheriff John/Jane Doe, Motion to Dismiss and Response to Plaintiff's Petition for Default Judgment are hereby **GRANTED**. All other motions pending are deemed moot.

**IT IS ORDERED** this 8th day of March, 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma